**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Bldg.
PMB 917, Box 10001
Saipan, MP 96950
Telephone No: (670) 233-0777
Facsimile No:  (670) 233-0776

*Attorney for Plaintiffs*

FILED
Clerk
District Court

SEP 2 2 2023

for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PROSPERO A. ARMIA, NEMENCIO Q. DELEON, GIOVAN MALAZARTE, IAN R. ALCOSEBA, RANIE E. CELESTIAL, RUDY B. NARAJA, and VICTOR P. FRAGINAL,<br><br>Plaintiffs,<br><br>vs.<br><br>RJCL CORPORATION *dba* RNV CONSTRUCTION, HOMESMART CORPORATION *dba* BEST DEAL GENERAL MERCHANDISE, PARAGON CONSTRUCTION *dba* COREPLUS CONSTRUCTION, and RUEL R. VILLACRUSIS, jointly and severally,<br><br>Defendants. | CIVIL ACTION NO. CV 23-00013<br><br>COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT AND SUPPLEMENTAL STATE LAW CLAIMS AND DEMAND FOR JURY TRY |

COMES NOW, Plaintiffs, Prospero A. Armia, Nemencio Q. Deleon, Giovan Malazarte, Ian R. Alcoseba, Ranie E. Celestial, Rudy B. Naraja, and Victor P. Fraginal (collectively as "Plaintiff"), by and through counsel, alleges as follows:

Page 1 of 7

## INTRODUCTION

1. This is a complaint, *inter alia*, for unpaid overtime wages, in violation of the Fair Labor Standards Act (FLSA), as amended, and made applicable to this action by the general laws of the Commonwealth of the Northern Mariana Islands (CNMI).

## JURISDICTION AND VENUE

2. The Court is granted jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331 (federal question jurisdiction), and as proceedings arising under an Act of Congress regulating commerce pursuant to 28 U.S.C. § 1337(a).

3. Venue is properly placed in the United States District Court for the Northern Mariana Islands in that all parties were present in, and all acts alleged and complained of occurred in the CNMI.

## PARTIES

4. Plaintiffs Prospero A. Armia ("Armia"), Nemencio Q. De Leon ("De Leon"), Giovan Malazarte ("Malazarte"), Ian R. Alcoseba ("Alcoseba"), Ranie E. Celestial ("Celestial") Rudy B. Naraja ("Naraja"), and Victor P.Fraginal ("Fraginal") (collectively the "Plaintiffs") are citizens of the Republic of the Philippines and resided at all relevant times, in the CNMI and worked for and was an employee of Defendants and worked and/or was suffered to work by Defendants, as described herein.

5. On information and belief, Defendant RJCL Corporation *dba* RNV Construction ("RJCL") is a domestic corporation organized under Commonwealth law with its principal place of business believed to be in Saipan, CNMI.

6. On information and belief, Defendant Homesmart Corporation *dba* Best Deal General Merchandise ("Homesmart") is a domestic corporation organized under Commonwealth law with its principal place of business believed to be in Saipan, CNMI.

7.  On information and belief, Defendant Paragon Construction *dba* Coreplus Construction ("Paragon") is a domestic corporation organized under Commonwealth law with its principal place of business believed to be in Saipan, CNMI.

8.  On information and belief, Defendant Ruel R. Villacrusis is a citizen of the Republic of the Philippines, Vice-President/Secretary/Treasurer of RJCL and President/Vice-President/Secretary/Treasurer of Homesmart, respectively, their sole and joint shareholder (collectively with RJCL, Homesmart and Paragon as the "Defendants"), and was the manager and supervisor of Plaintiffs, who had authority to hire and fire Plaintiffs and was the alter ego of RJCL and Homesmart, and who controlled, made, and determined the daily work schedule of assignments of Plaintiffs, who individually directed and supervised the work of Plaintiffs and other employees on a daily basis.

9.  All of the acts, omissions and failures to act alleged herein were done by and attributable to each and all Defendants, each acting as successor, agent, joint employer, integrated enterprise, employee, and/or as the alter egos of one another, and/or under the direction and control of the other.

10.  Said acts, omissions and failures to act were within the scope of said agency and/or scope of employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant complained of herein.

**STATEMENT OF FACTS**

11.  From on or about July 31, 2015, Armia was contracted to work for RJCL as a maintenance and repair worker.

12.  Armia's I-129CW petitioner was Paragon from October 1, 2022, to October 10, 2023.

13. From on or about July 31, 2015, De Leon was contracted to work for the RJCL as a carpenter.

14. From on or about November 17, 2019, Malazarte was contracted to work for Homesmart as a retail salesperson.

15. From on or about October 1, 2019, Alcoseba was contracted to work for RJCL as a maintenance and repair worker.

16. From on or about August 23, 2020, Celestial was contracted to work for RJCL as a fixtures and equipment repairer.

17. From on or about October 1, 2019, Naraja was contracted to work for RJCL as a maintenance-electrical worker.

18. From on or about March 8, 2020, Fraginal was contracted to work for RJCL as a maintenance and repair worker.

19. At all relevant times, Plaintiffs are employees of and were suffered to work by their respective employer within the meaning of §203(e)(l) of the FLSA.

20. At all relevant times, Plaintiffs are employed by Defendants within the meaning of §203(g) of the FLSA.

21. At all relevant times, Defendants were each employer of Plaintiffs as defined under §203(d) of the FLSA.

22. At all relevant times, Defendants were engaged in and an enterprise within the meaning of §203(r)(1) of the FLSA, jointly and severally.

23. At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §203(s)(l) of the FLSA.

24. Upon information and belief, Defendants generated over $500,000 in gross revenue per year.

25. Defendants, directly or indirectly, hired and suffered Plaintiffs to work; controlled their work schedules and conditions of employment; and determined the rate and payment of wages.

26. At all relevant times, Plaintiffs, as employees of Defendants, were engaged in commerce or in the production of goods for commerce within the meaning of §207(a)(1) of the FLSA.

27. Defendants entered employment contracts with Plaintiffs, and under the employment contract, Plaintiffs were entitled to free suitable housing, overtime compensation in the amount of one and one-half times Plaintiffs' applicable regular pay rate, and compensation in the amount of two times Plaintiffs' applicable regular pay rate for worker performed during rest and holiday days.

28. Defendants employed and used Plaintiffs services to perform works in several of Defendants' construction projects.

29. At all relevant times, Plaintiffs performed their work diligently and in a workmanlike manner for the Defendants.

30. Plaintiffs were not paid by Defendants according to the applicable prevailing wages for their job title or description.

31. Plaintiffs were not paid overtime wages in the amount of one and one-half times their applicable regular pay rate under the applicable prevailing wages for each and all of the hours worked by Plaintiffs in excess of forty (40) hours in each work week.

32. Defendants took no affirmative action to ensure compliance with FLSA requirements regarding full payment of Plaintiffs' overtime wages.

33. Throughout Plaintiffs' employment with Defendants, Defendants illegally deducted amounts from Plaintiffs' wages for "coop", "rental", and "advances".

### FIRST CAUSE OF ACTION
### (Failure to Pay Overtime Wages in Violation of FLSA)

34. The allegations in paragraphs 1 through 76 are re-alleged and incorporated by reference in this First Cause of Action.

35. Defendants have willfully violated the provisions of § 207 of the FLSA by intentionally failing to pay Plaintiffs overtime wages in the amount of one and one-half times their applicable regular pay rate for each and all of the hours worked by Plaintiffs in excess of forty (40) hours in each work week.

36. Defendants are thus liable and obligated to pay Plaintiffs their full and applicable overtime wages plus an additional equal amount as liquidated damages pursuant to §216(b) of the FLSA.

37. Defendants illegally deducted money from Plaintiffs' pay.

38. Plaintiffs are likewise entitled to an award of costs of this action and reasonable attorney's fees pursuant to §216(b) of the FLSA and prejudgment interest on unpaid overtime.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues triable by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

1. That Defendants be found liable for and ordered, jointly and severally, to pay Plaintiffs the applicable overtime compensation for all hours worked by Plaintiffs for Defendants, in an amount to be determined at trial;

2. That Defendants be found liable for and ordered, jointly and severally, to pay Plaintiffs their overtime compensation for all the hours worked by Plaintiffs for Defendants in excess of forty (40) hours in each work week, in an amount to be determined at trial;

3. That Defendants be ordered to pay Plaintiffs an amount in equity for all unpaid services, tasks, and work done for Defendants;

4. That Defendants be found liable for and ordered, jointly and severally, to pay Plaintiffs an equal amount as liquidated damages, plus prejudgment interest, and reasonable attorney's fees and costs; and

5. For the imposition of appropriate sanctions and penalties against all the Defendants to deter future violations regarding willful failure to pay wages to Plaintiffs/employees.

6. For such other and further relief as may be deemed proper at law or in equity.

Respectfully submitted this 22nd day of September, 2023.

/s/ Colin M. Thompson
**THOMPSON LAW, LLC**
Colin M. Thompson
CNMI Bar No. F0221
*Attorney for Plaintiffs*