**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

**AARON HALEGUA, PLLC**
Aaron Halegua
524 Broadway, 11th Floor
New York, NY 10012
Telephone: (646) 854-9061
Email: ah@aaronhalegua.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PROSPERO A. ARMIA, NEMENCIO Q. DE LEON, GIOVAN MALAZARTE, IAN R. ALCOSEBA, RANIE E. CELESTIAL, RUDY B. NARAJA, VICTOR P. FRAGINAL, REYMAR T. PINEDA, JERRY TORTOR, JERRY VALLES and EDMAR YANGYANG, <br><br> Plaintiffs, <br><br> -vs- <br><br> RJCL CORPORATION *dba* RNV CONSTRUCTION, HOMESMART CORPORATION *dba* BEST DEAL GENERAL MERCHANDISE, PARAGON CONSTRUCTION *dba* COREPLUS CONSTRUCTION, WANDERVILLA CORPORATION *dba* VILLA ROYAL PAWNSHOP, RUEL R. VILLACRUSIS, MICHELLE RUEDA, JANE RUEDA and SHERWIN RESURRECCION, <br><br> Defendants. | Case No. 1:23-CV-00013 <br><br><br> **SECOND STIPULATED MOTION TO PERMIT PLAINTIFFS TO AMEND THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)** |

1

**COMES NOW,** Plaintiffs, Prospero A. Armia, Nemencio Q. De Leon, Giovan Malazarte, Ian R. Alcoseba, Ranie E. Celestial, Rudy B. Naraja, Victor P. Fraginal, Reymar T. Pineda, Jerry Tortor, Jerry Valles, and Edmar Yangyang ("Plaintiffs"), by and through their counsel, Attorneys Colin M. Thompson and Aaron Halegua, and Defendants, RJCL Corporation *dba* RNV Construction, Homesmart Corporation *dba* Best Deal General Merchandise, Paragon Construction *dba* Coreplus Construction, Wandervilla Corporation *dba* Villa Royal Pawnshop, Ruel R. Villacrusis, Michelle Rueda, and Jane Rueda ("Defendants") (collectively, the "Parties"), by and through their counsel, Attorney Michael W. Dotts, to file this stipulated motion to file their Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] A copy of Plaintiffs' proposed Second Amended Complaint is attached as **Exhibit A**.

## I. <u>PROCEDURAL HISTORY</u>

On September 22, 2023, Plaintiffs filed their Complaint in this matter. (ECF No. 1). On February 19, 2024, Defendants filed their Answer. (ECF No. 6). On April 11, 2024, the Court held a Case Management Conference. On April 12, 2024, the Court entered a Scheduling Order that set a deadline for the Joinder of Parties on September 25, 2024 and a deadline for the Amendment of Pleadings for October 10, 2024. (ECF No. 10). On September 20, 2024, the Parties filed their Stipulation to Modify Scheduling Order, which requested that both of these deadlines be set for October 10, 2024, and certain other prior deadlines be vacated. (ECF No. 15). On September 26, 2024, the Court entered an Order Granting Stipulated Motion to Vacate Scheduling Order (ECF No. 16), which set the deadline for Joinder of Parties and Amendment of Pleadings as October 10, 2024.

---

[1] Plaintiffs have not yet been able to serve Defendant Resurreccion but are diligently trying to do so. Plaintiffs will provide a status update to the Court as to this matter in thirty (30) days.

On October 10, 2024, Plaintiffs and Defendants filed a Stipulated Motion to permit Plaintiffs to file the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 17). On October 11, 2024, the Court granted the Stipulated Motion. (ECF No. 18). The same day, Plaintiffs filed their First Amended Complaint. (ECF No. 19). On February 7, 2025, the Court held a status conference in the case and then adopted the First Amended Scheduling Order (ECF No. 31 (the "Order")), which set a deadline of April 17, 2025, for any further motions to amend the pleadings.

## II.  **LEGAL STANDARD**

Fed. R. Civ. P. 15(a)(2) provides that, after the time periods set forth in Fed. R. Civ. P. 15(a)(1) have passed, "… a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further instructs: "The court should freely give leave when justice so requires."

The Supreme Court has set forth, and the Ninth Circuit adopted, the following standard to determine when a district court should permit leave to amend a complaint:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The most important factor in this analysis is whether the opposing party will suffer undue prejudice. *Id.* ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight") (citations omitted).

## III.  ARGUMENT

The Parties had previously agreed that Plaintiffs may join parties and file an amended complaint on or before April 17, 2025, and the Court has already approved this deadline. Furthermore, the Parties agree that none of the reasons set forth in *Forman* to deny leave to amend are present here. Specifically, the Parties agree that the SAC is not being filed with undue delay, Plaintiffs have not requested the amendment in bad faith or as a dilatory tactic, and the amendment will not unduly prejudice to Defendants. Indeed, in order to minimize any burden to Defendants, Plaintiffs have drafted the SAC in a way that preserves the paragraph numbering from the FAC so that Defendants may more easily draft their answer. The Parties also agree that Defendants shall be afforded thirty (30) days to file an amended Answer to the SAC. Moreover, to avoid undue delay, the Parties agree that discovery, which is ongoing, will not be stayed. Therefore, Plaintiffs shall be permitted to file the attached proposed Second Amended Complaint so that it may become the operative pleading in this matter.

## IV.  CONCLUSION

Therefore, the Parties submit this Second Stipulated Motion to Permit Plaintiffs to Amend the Complaint and to provide Defendants thirty (30) days to respond.

Respectfully submitted this 17th day of April, 2025.

*/s/ Colin M. Thompson*
**THOMPSON LAW, LLC**
Colin M. Thompson
*Attorney for Plaintiffs*

*/s/ Michael W. Dotts*
**DOTTS LAW OFFICES**
Michael W. Dotts
*Attorney for Defendants*

*/s/ Aaron Halegua*
**AARON HALEGUA, PLLC**
Aaron Halegua
*Attorney for Plaintiffs*